BUHAY *v.* BUHAY.

1. EQUITY—REHEARING—DISCRETION OF COURT.
   The trial judge has a wide discretion in either granting or re-fusing to grant a rehearing (Court Rule No 48 [1948]).

2. SAME—REHEARING—CONSTRUCTION OF DEED AS MORTGAGE—CONSENT DECREE.
   Rehearing in suit to construe a deed as a mortgage, sought by substituted counsel for defendants *held,* properly denied by trial judge, under record showing consent decree had been entered after 2 days of negotiation by parties and their then attorneys and thereby avoiding a considerable accounting effort (Court Rule No 48 [1945]).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 22, 1959. (Docket No. 76, Calendar No. 47,899.) Decided April 14, 1959. Rehearing denied June 5, 1959.

Bill by Elsie A. Buhay, individually and as administratrix of the estate of Stephen W. Buhay, deceased, against Edward Buhay and Olga Buhay to have deed declared a mortgage. Settlement agreement stipulated on record. Decree entered in accordance therewith. Defendants' motion to set aside decree denied. Defendants appeal. Affirmed.

*Okrent, Baun & Dobreff* (*Harry Okrent,* of counsel), for plaintiff.

*Harry B. Newman* (*Frank R. Picone,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 19 Am Jur, Equity § 417.

KELLY, J. Plaintiff commenced an action in chancery in the Wayne county circuit court, seeking to have a deed executed by her husband (now deceased) and herself to defendants declared to be a mortgage. The case was assigned for trial before Hon. Joseph A. Moynihan but before trial commenced and after 2 days of negotiations, the parties reached a settlement of the matter.

On March 5, 1958, in open court, attorneys for both parties stated that an agreement had been reached and gave the terms of the agreement. The court then interrogated both parties, as follows:

"*The Court:* Now, Mrs. Buhay, you have heard what your attorney said?

"*Mrs. Elsie Buhay:* Yes, your Honor.

"*The Court:* And whatever counsel for Edward Buhay has said?

"*Mrs. Elsie Buhay:* Yes.

"*The Court:* Are you satisfied with this disposition?

"*Mrs. Elsie Buhay:* Yes, I am, your Honor.

"*The Court:* If there is anything about it, now is your time to speak.

"*Mrs. Elsie Buhay:* Yes, I understand.

"*The Court:* You are satisfied?

"*Mrs. Elsie Buhay:* Yes.

"*The Court:* Now, Mr. and Mrs. Edward Buhay, you have heard what counsel have had to say with respect to settling all matters and things in dispute in this litigation, have you? Please answer so it will go on the record.

"*Mr. Edward Buhay:* Yes.

"*Mrs. Olga Buhay:* Yes.

"*The Court:* You have counselled with your lawyers, have you not?

"*Mrs. Olga Buhay:* Yes, we have.

"*The Court:* And gone over this matter thoroughly?

"*Mrs. Olga Buhay:* Yes, sir.

"*The Court:* You realize we have had some day and a half in negotiations between all the contending parties and if there is anything about this settlement of this litigation that either one or both of you do not understand you would tell me right now, wouldn't you?

"*Mrs. Olga Buhay:* Yes, sir, we would.

"*The Court:* And you are satisfied with it?

"*Mrs. Olga Buhay:* Yes, your Honor.

"*Mr. Okrent* (Plaintiff's attorney): I think to wrap it up it should be contemplated this is entered in the form of a consent decree and it is stipulated on the record by all parties that the right to appeal is waived.

"*The Court:* And no costs awarded to either side?

"*Mr. Okrent:* So stipulated.

"*Mr. Schmidt* (Defendants' attorney): So stipulated.

"*The Court:* Do you agree to that stipulation?

"*Mr. Wood* (Defendants' attorney): That is right.

"*The Court:* Now, let me congratulate the parties to this litigation. The lawyers in this case know that I have had considerable experience in the law. I have tried a great many lawsuits. This was a peculiar bit of litigation from all standpoints. As I told you counsel, it wasn't litigation wherein and whereby one party could take and have all of the advantages and returns. Both sides had made statements, as set forth by the pleadings, of very large interests in the property and, no matter what we did here, we would have to have an accounting, going over all the figures, right back from the day when the hole was dug, and that was going to require some considerable effort on the part of not only counsel but the litigants themselves.

"It is my considered opinion, after going into this matter and after frequent consultations with counsel, who are to be congratulated for their efforts to assist their respective litigants, that this is a very proper and meritorious disposition of this litigation; so I want again to congratulate not only the parties

to the litigation but counsel as well for a job well done."

The substance of the agreement was that plaintiff was to pay to defendants $55,000 within 90 days, at which time plaintiff was to own the property free and clear of any claim of defendants. In the event plaintiff failed to pay said sum, defendants were to own the property free and clear of any claim of the plaintiff. At the time of the settlement agreement all rights of appeal were waived by both parties.

Plaintiff subsequently obtained financing but, upon defendants' failure to cooperate, was compelled to seek an order to show cause why the decree should not be entered. The record is barren of any proof that defendants prior to this time had voiced any objections to the March 5th settlement agreement.

On May 26, 1958, the court entered a decree in accordance with the settlement agreement and on May 28, 1958, an order to show cause why the decree should not be enforced was filed. On June 13, 1958, defendants, through new counsel, filed a "motion for a new trial, vacate decree and set aside judgment," alleging the settlement was grossly unfair and not voluntarily entered into by defendants; that defendants' consent was obtained through misrepresentation and mistake and at the insistence and coercion of defendants' then counsel, who told them a certain witness was going to testify and that they would lose the case; that defendants have a meritorious defense to plaintiff's suit. The lower court denied the motion. Defendants appeal.

This Court has held that the trial judge has a wide discretion in either granting or denying an application for rehearing which has been filed within the time allowed by Court Rule No 48 (1945). See author's comment and collection of authorities in

Honigman's Michigan Court Rules Annotated, commencing on page 503.

The record herein does not sustain appellants' contention that the trial court erred in denying the application for rehearing.

Affirmed, costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.